IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Duane Steen, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Case No. 3:11-cv-37 |
| vs. | ) | |
| | ) | **ORDER** |
| Don Redmann, Warden, | ) | |
| Respondent. | ) | |

Petitioner Duane Steen ("Steen") filed a petition for habeas relief under 28 U.S.C. § 2254. (Doc. #2). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a). On June 26, 2002, Steen pled guilty to the charge of delivery of a controlled substance. (Doc. #3-2). He was sentenced to twenty years of imprisonment with ten years suspended, and five years of supervised probation. Id.

On May 3, 2004, Steen submitted a state petition for post-conviction relief seeking modification of his sentence. State v. Steen, Williams County, Case No. 53-01-K-00189, Doc. #108. The state district court granted Steen's petition, suspended the remaining time on his initial twenty-year sentence, and released Steen on supervised probation. Id. at Docs. #119, #120; (Doc. #3-3). The court entered its amended criminal judgment on July 1, 2004. (Doc. #3-3). Steen alleges in his federal habeas petition that the amended criminal judgment constitutes double jeopardy.

On January 4, 2005, the State filed a petition for revocation of Steen's probation. See State v. Steen, Williams County, Case No. 53-01-K-00189, Doc. #122. On February 18, 2005, the state district court found Steen had violated the conditions of his probation and sentenced him to two years of imprisonment in addition to the time Steen had already served, with the

remaining time on his initial twenty-year sentence suspended, and five years of supervised probation. (Doc. #3-1). Steen was released on supervised probation after serving the two-year sentence. Steen contends in his federal habeas petition that the 2005 order revoking his probation constitutes double jeopardy.

On October 11, 2007, the State filed another petition for revocation of Steen's probation. See State v. Steen, Williams County, Case No. 53-01-K-00189, Doc. #167. On May 9, 2008, the state district court found Steen had again violated the conditions of his probation and sentenced him to ten years of imprisonment with the remaining time on his initial twenty-year sentence suspended, and five years of supervised probation. (Doc. #3-4). Steen claims in his federal habeas petition that the 2008 order revoking his probation constitutes double jeopardy.

On December 1, 2008, Steen filed an application for court-appointed counsel for assistance with state post-conviction proceedings and the state district court granted his application. See State v. Steen, Williams County, Case No. 53-01-K-00189, Docs. #222, 225. Around that time Steen also filed at least one pro se state petition for post-conviction relief.[1] On July 6, 2010, Steen filed another pro se state petition for post-conviction relief and an application for court-appointed counsel. Id. at Docs. #240, #241. That same day Steen's court-appointed counsel also filed a state petition for post-conviction relief on Steen's behalf. Id. at Doc. #245. On March 9, 2011, Steen withdrew all of his state petitions for post-conviction relief. Id. at Doc. #303.

---

[1] The state court docket does not reveal exactly when Steen filed his pro se state petition(s) for post-conviction relief. However, the State moved to dismiss a petition on December 27, 2009, and the State filed a response to a petition for post-conviction relief on June 18, 2010. See State v. Steen, Williams County, Case No. 53-01-K-00189, Docs. #233, 237.

On January 5, 2011, while Steen's state petitions for post-conviction relief were pending, Steen filed a state petition for habeas relief. Id. at Doc. #278. On February 16, 2011, the state district court denied Steen's petition for habeas relief. Id. at Doc. #295. On March 7, 2011, Steen filed a state petition for habeas relief with the North Dakota Supreme Court. See http://www.ndcourts.gov/_court/docket/20110070.htm.

In Steen's federal habeas petition he claims the Double Jeopardy Clause of the Fifth Amendment was violated when he was sentenced multiple times to "harsh punishments." Id. at p. 5. Steen states that the amended criminal judgment entered after the state district court granted his state petition for post-conviction relief, and the orders entered after both of Steen's probation revocations subjected him to double jeopardy. Id.; (Doc. 3, pp. 7-8); (Docs. #3-1, #3-2, #3-3, #3-4). Steen also contends that N.D. Cent. Code § 12.1-32-07(6), which allows the state court to revoke a defendant's probation if the defendant violates a condition of his probation, unconstitutionally violates the Double Jeopardy Clause of the Fifth Amendment.

**Timeliness of the Claims**

Steen's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") which imposes a one-year statute of limitations for filing habeas petitions. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1) the triggering event for when the statute of limitations begins to run is the latter of several events, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). If the statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis as held by the Third, Sixth, and Ninth Circuits, Steen's claims that the 2004 amended criminal judgment and the 2005 order revoking his probation subjected him to

3

double jeopardy are untimely and are barred from federal review.² See Fielder v. Varner, 279 F.3d 113, 122 (3rd Cir. 2004); Bachman v. Bagley, 487 F.3d 979, 984 (6th Cir. 2007); Souliotes v. Evans, 622 F.3d 1173, 1180 (9th Cir. 2010); but see Walker v. Crosby, 341 F.3d 1240, 1243 (11th Cir. 2003) (individual claims within a single habeas petition could not be viewed separately for timeliness). The court will not address the issues surrounding the timeliness of Steen's federal habeas petition because, in any event, Steen's claims lack merit.

**Exhaustion Requirement**

Habeas corpus provides state prisoners the sole federal remedy for challenges to the fact or duration of their confinement. Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Section 2254(b)(1), 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Mellot v. Purlett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)). The doctrine of exhaustion requires a state prisoner to "give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

---

² Steen's claims that the 2008 order revoking his probation and the statute under which his probation was revoked violate the Double Jeopardy Clause of the Fifth Amendment are timely because the time during which Steen's properly filed applications for state post-conviction relief were pending, and the time during which his state habeas petitions were pending, did not count toward the one-year period of limitation for filing his federal habeas petition. See 28 U.S.C. § 2244(d)(2).

4

"To satisfy the exhaustion requirement, [Steen] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (emphasizing that the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law."). "To 'fairly present' his claim [Steen] must present the same facts and legal theories to the state court that he later presented to the federal courts." Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994). In addition, Steen must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state court. Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986).

It is unclear whether Steen fairly presented his claims to the state courts. Steen contends he raised the same claims before the North Dakota Supreme Court in his state habeas petition as he raises in his federal habeas petition. However, Steen has not provided the court with a copy of his state petition for habeas relief or the North Dakota Supreme Court's order denying his petition. Therefore, the court is unable to determine whether Steen fairly presented his claims to the state courts as is required by the doctrine of exhaustion.

**Procedural Default**

If Steen did not fairly present his claims to the state courts in the trial court proceedings leading to his judgment of conviction and sentence, on direct appeal, or in his state post-conviction proceedings, then his claims are now barred from state court review for misuse of process because Steen would have inexcusably failed to raise his claims in the prior proceedings. See N.D. Cent. Code § 29-32.1-12(2); State v. Steen, 2007 ND 123, ¶ 17, 736 N.W.2d 457, 462;

5

Laib v. State, 2005 ND 187, ¶ 6, 705 N.W.2d 845, 848; Johnson v. State, 2004 ND 130, ¶ 13, 681 N.W.2d 769, 775-76. "A failure to exhaust remedies in accordance with state procedure results in procedural default of the prisoner's claims." Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010). (citation omitted).

The court chooses to avoid the possibly difficult question of whether Steen's claims are procedurally defaulted for failing to properly exhaust his claims, and instead chooses to reach the merits of Steen's claim. "Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." Barrett v. Acevido, 169 F.3d 1155, 1162 (8th Cir. 1999).

### Merits of the Claims

The amended criminal judgment entered after the state district court granted Steen's state petition for post-conviction relief does not constitute double jeopardy. The Double Jeopardy Clause operates as a "bar against repeated attempts to convict . . . ." United States v. DiFrancesco, 449 U.S. 117, 136 (1980). Steen successfully brought a petition for post-conviction relief, his remaining term of imprisonment was suspended, and he was released on supervised probation. In defending against the petition that Steen brought, the state did not violate the Double Jeopardy Clause, and the state district court also did not violate the Double Jeopardy Clause in entering an amended criminal judgment after Steen was successful on his petition for post-conviction relief.

The orders entered after Steen's probation was twice revoked did not subject him to double jeopardy. "[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment." United States v. DiFrabcesco, 449 U.S. 117, 137 (1980); see

6

also United States v. Bennett, 561 F.3d 799, 802 (8th Cir. 2009) ("[T]he revocation of supervised release is a penalty attributable to the original conviction, not a new punishment.") (citation omitted).

N.D. Cent. Code § 12.1-32-07(6) does not unconstitutionally violate the Double Jeopardy Clause of the Fifth Amendment. Pursuant to the statute the state trial court is authorized to resentence a defendant who violates a condition of probation to any sentence that was initially available. N.D. Cent. Code § 12.1-32-07(6). "The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." United States v. DiFrabcesco, 449 U.S. at 137. "[T]he Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." Id. at 138. Revocation of probation does not violate the Double Jeopardy Clause. United States v. DiFrabcesco, 449 U.S. at 137; United States v. Bennett, 561 F.3d at 802.

## Conclusion

Steen's claims that the amended criminal judgment entered after the state district court granted his state petition for post-conviction relief and the orders entered after Steen's probation was twice revoked subjected him to double jeopardy, and his claim that N.D. Cent. Code § 12.1-32-07(6) unconstitutionally violates the Double Jeopardy Clause of the Fifth Amendment, are all without merit. **IT IS ORDERED** that Duane Steen's petition for habeas relief (Doc. #2) be **DISMISSED** with prejudice.

Based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further

proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)). If petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-522 (8th Cir. 1997). Additionally, the Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); see also Coppedge v. United States, 360 U.S. 438, 444-45 (1962).

**JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

Dated this 11th day of August, 2011.

    /s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge